# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ElimiTix, PLLC<br><br>       Plaintiff,<br>v.<br><br>Off The Record, PLLC<br><br>       Defendant. | Case No. 26-10462 |

# COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ElimiTix, PLLC (hereinafter "Plaintiff" or "ElimiTix"), by and through its undersigned counsel, for its Complaint herein states as follows.

## I.   NATURE OF ACTION

1. This is a complaint for trademark infringement, false designation of origin, and related unfair and deceptive practices arising from Defendant's unauthorized use of Plaintiff's name and trademark, ELIMITIX, (hereinafter "ELIMITIX") and photographs of its principal.

2. Defendant, without authorization and with knowledge of Plaintiff's prior rights, has used and continues to use ELIMITIX and photographs of its principal in connection with the advertising, marketing, offering for sale, and sale of Defendant's services.

3. Plaintiff brings this action to prevent consumer confusion in the marketplace, to stop Defendant's deceptive practices, and protect Plaintiff's valuable intellectual property assets.

## II.   PARTIES

4. Plaintiff is a professional limited liability company organized under the laws of Michigan, having a principal place of business at 2111 Woodward Ave., Suite 608, Detroit, MI, 48201.

5. Upon information and belief, Defendant Off The Record, PLLC (hereinafter "Defendant" or "Off The Record") is a professional limited liability

1

company, having a principal place of business at 1411 4th Ave, No. 6126, Seattle, WA 98101.

### III. JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the Defendant because the Defendant is conducting business in the State of Michigan and this District and is committing acts of infringement in this District. To the extent not already established on the record in hand, the factual contentions herein are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

7. This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.

8. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under Michigan law, and has diversity jurisdiction under 28 U.S.C. § 1332 over Plaintiff's claims because the parties are citizens of different states and the amount in controversy exceeds $75,000.

9. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) and (c).

### IV. FACTUAL BACKGROUND

**A. Plaintiff and Its Asserted Trademark**

10. Plaintiff realleges the preceding paragraphs as though set forth fully

herein.

11. Plaintiff is a Michigan professional limited liability company that provides legal services to consumers, including legal representation for traffic violations, DUI/OWI offenses, license suspensions, license restoration matters, and related motor vehicle offenses.

12. Plaintiff offers its legal services throughout Michigan, including the Metro Detroit area, and markets and promotes its services through various channels, including the Internet and its website, www.elimitix.com

13. Plaintiff is the owner of valuable trademark and common law rights in ELIMITIX, which Plaintiff uses in connection with the marketing, advertising, and provision of its legal services.

14. Plaintiff has been using ELIMITIX since 2015.

15. Plaintiff has used ELIMITIX continuously in commerce in connection with its legal services and has developed substantial goodwill and consumer recognition associated with ELIMITIX.

16. ELIMITIX symbolizes the business goodwill of Plaintiff and constitutes an intangible asset of substantial commercial value.

17. Plaintiff has extensively promoted ELIMITIX and associated branding to consumers through advertising and marketing, including through the Internet, social media, and other promotional channels.

3

18.  Plaintiff has used photographs of its principal in connection with advertising and marketing, including through the Internet, social media, and other promotional channels.

**B.  Defendant's Activities**

19.  Subsequent to Plaintiff's use of ELIMITIX as above alleged, and with actual knowledge of Plaintiff's rights in and use of ELIMITIX, and with the intent to misrepresent the source of Defendant's services, Defendant adopted and is using ELIMITIX and/or a confusingly similar imitation thereof, including photographs of its principal, in connection with the advertising, marketing, offering for sale, and sale and/or provision of Defendant's services in the United States, including in the State of Michigan and this District.

20.  Upon information and belief, Defendant has used ELIMITIX and photographs of its principal in a manner calculated to cause confusion, mistake, and deception as to the source, sponsorship, affiliation, or approval of Defendant's services, including by creating the false impression that Defendant is affiliated with, endorsed by, sponsored by, or otherwise connected to Plaintiff.

21.  Defendant has no consent, license, approval, or other authorization to use ELIMITIX, Plaintiff's photographs—including photographs of its principal—or any colorable imitation thereof in connection with Defendant's services.

22. Defendant's continued use of ELIMITIX and photographs of its principal after being placed on actual notice that Plaintiff did not consent to any association with Defendant demonstrates Defendant's willful intent to trade upon Plaintiff's goodwill and to cause confusion, mistake, or deception as to Defendant's connection or association with Plaintiff.

## V.  COUNT I – FEDERAL TRADEMARK INFRINGEMENT BY DEFENDANTS UNDER 15 U.S.C. § 1125(a)

23. Plaintiff realleges the preceding paragraphs as though set forth fully herein.

24. Defendant's use of ELIMITIX and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendant with Plaintiff and as to the origin, sponsorship, and/or approval of Defendant's services, at least by creating the false and misleading impression that Defendant and/or Defendant's services are associated with Plaintiff.

25. Plaintiff demands that Defendant refrain from the use of ELIMITIX and/or confusingly similar imitations thereof, including photographs of its principal. Despite Defendant's prior knowledge of Plaintiff's rights, Defendant, without consent, has used and continues to use ELIMITIX and photographs of its principal in commerce, in connection with the advertising, marketing, offering for sale, sale, and/or distribution of Defendant's services.

5

26. Defendant's use of ELIMITIX constitutes willful infringement, shown at least by Defendant's continuous and blatant disregard for Plaintiff's rights.

27. Plaintiff has been damaged by Defendant's unlawful use of ELIMITIX and, unless enjoined, Defendant's unlawful use of ELIMITX will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law.

28. Plaintiff is entitled to injunctive relief, and Plaintiff is entitled to recover at least Defendant's profits, Plaintiff's actual damages, enhanced damages/profits, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## VI. COUNT II – FASLE ADVERTISING UNDER 15 U.S.C. § 1125(a)

29. Plaintiff realleges the preceding paragraphs as though set forth fully herein.

30. Defendant has made and continues to make false and/or misleading statements and representation of fact in connection with the advertising and promotion of Defendant's services by using ELIMITIX and photographs of its principal, thereby falsely implying an affiliation, connection, sponsorship, endorsement, and/or association with Plaintiff; and such statements are likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public.

31. Defendant's false and/or misleading statements and representations were made in commercial advertising and promotion, including through the Internet and other marketing channels, and were disseminated to actual and prospective consumers.

32. Defendant's false and/or misleading statements and representations are material because they are likely to influence consumers to purchase Defendant's services by falsely implying an affiliation, connection, sponsorship, endorsement, and/or association with Plaintiff.

33. Defendant's false and/or misleading statements and representations were made in interstate commerce.

34. Defendant knew, or should have known, that its unauthorized use of ELIMITIX and photographs of its principal was false, misleading, and/or deceptive; and Defendant's conduct was knowing, intentional, and willful.

35. Plaintiff has suffered and will continue to suffer irreparable harm as a result of Defendant's false advertising including, but not limited to, lost sales, damage to its goodwill, and reputational harm. Unless Defendant's unlawful acts are enjoined, Plaintiff will continue to be damaged and irreparably harmed.

36. An award of monetary damages alone cannot fully compensate Plaintiff for its injuries and Plaintiff lacks an adequate remedy at law.

## VII.  COUNT III – TRADEMARK INFRINGEMENT UNDER THE COMMON LAW OF MICHIGAN

37. Plaintiff realleges the preceding paragraphs as though set forth fully herein.

38. Plaintiff used ELIMITIX in connection to its services prior to Defendant and therefore possesses priority of common law trademark rights in using ELIMITIX.

39. ELIMITIX has become well known and is associated with the quality, reputation, and goodwill of Plaintiff's services.

40. Defendant had knowledge of Plaintiff's prior rights and intentionally disregarded those rights by using ELIMITIX and photographs of its principal, in connection with the advertising, marketing, offering for sale, and sale of Defendant's services.

41. Defendant's knowingly unauthorized use of ELIMITIX and photographs of its principal, is likely to cause confusion, mistake, and/or deception among consumers as to the source, sponsorship, affiliation, and/or approval of Defendant's services, and constitutes willful infringement.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer irreparable harm, including loss of goodwill, damage to its reputation, and diversion of business, for which there is no adequate remedy at law.

## VIII. COUNT IV – UNJUST ENRICHMENT

43. Plaintiff realleges the preceding paragraphs as though set forth fully herein.

44. Defendant's unauthorized acts have conferred benefits upon the Defendant at Plaintiff's expense and to Plaintiff's loss and detriment.

45. Defendant has unjustly obtained and benefitted at the loss and detriment of Plaintiff.

46. By their unauthorized actions, Defendant continues to accept and retain benefits at Plaintiff's expense, loss, and detriment.

47. As a result, Defendant has been unjustly enriched, and Plaintiff has been injured and damaged. Defendant's retention of said benefits without proper compensation to Plaintiff would be inequitable.

48. As a direct and proximate result of Defendant's unauthorized conduct, Plaintiff has sustained, and will continue to sustain, actual and/or consequential damages. Plaintiff is entitled to recover such damages and are entitled to restitution from Defendant.

## IX. COUNT V – VIOLATION OF MICHIGAN CONSUMER PROTECTION ACT

49. Plaintiff realleges the preceding paragraphs as though set forth fully herein.

9

50. Defendant engaged in trade or commerce by advertising, marketing, offering for sale, and selling/providing services to consumers, including consumers located in Michigan.

51. Defendant's use of ELIMITIX and photographs of its principal on Defendant's website and domain name causes confusion and/or misunderstanding as to the source, sponsorship, and/or approval of Defendant's services.

52. Defendant's acts and practices were likely to mislead reasonable consumers, and upon information and belief did mislead consumers, into believing that Defendant's services were affiliated with, endorsed by, sponsored by, or otherwise connected with Plaintiff.

53. As a direct and proximate cause of Defendant's acts, Plaintiff has suffered damages.

## X.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands entry of a judgment granting relief against the Defendant as follows:

A. A determination that Defendant has willfully and deliberately repeatedly violated Plaintiff's rights as set forth in the above Counts, that Plaintiff has been damaged by such violations, and that the Defendant is liable to Plaintiff for such violations;

B.   A determination that this an exceptional case in the sense of 15 U.S.C. § 1117(a);

C.   Under all claims for relief, that an injunction be temporarily, preliminarily, and permanently issued enjoining Defendant, its officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

(1) Using ELIMITIX and/or photographs of its principal;

(2) Imitating, copying, or making any unauthorized use of ELIMITIX and/or photographs of its principal;

(3) Producing, distributing, circulating, selling, offering for sale, advertising, promoting, or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of ELIMITIX and/or photographs of its principal;

(4) Using any simulation, reproduction, counterfeit, copy or colorable imitation of ELIMITIX and/or photographs of its principal in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

(5) Using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting ELIMITIX and/or photographs of its principal) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendant are in any manner associated or connected with Plaintiff, or is licensed, sponsored, approved or authorized by Plaintiff.

D. That Plaintiff be awarded its damages and Defendant's profits and that said damages/profits be trebled pursuant to 15 U.S.C. § 1117 or other applicable law;

E. That Plaintiff be awarded its attorney's fees pursuant to 15 U.S.C. § 1117(a) or other applicable law;

F. That Plaintiff be awarded its costs of this action, and prejudgment and post-judgement interest;

G. That Plaintiff be awarded exemplary damages; and

H. That Plaintiff be granted such other and further relief as this Court deems reasonable.

## XI. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

                                              Respectfully submitted,

Dated: February 10, 2026

                                        By:  *Mark A. Cantor*
Mark A. Cantor (P32661)
Rebecca J. Cantor (P76826)
Yasmeen Moradshahi (P87964)
BROOKS KUSHMAN P.C.
150 W. Second St., Suite 400N
Royal Oak, MI  48067
Tel: 248-358-4400 / Fax: 248-358-3351
mcantor@brookskushman.com
rcantor@brookskushman.com
ymoradshahi@brookskushman.com
*Attorneys for Plaintiff*